UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW BEACH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00014 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Joseph Beach is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Petitioner filed a habeas petition under 28 U.S.C. § 2254 on January 18, 2021, challenging a disciplinary conviction for assault on an officer. For the reasons discussed below, it is recommended that this case be **DISMISSED** prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases because it is clear from the petition that Beach is not entitled to relief.[1] It is further recommended that a Certificate of Appealability be **DENIED**.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Rule 4. This power of the district court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary

## I. DISCUSSION

Petitioner is presently serving a 10-year prison sentence for aggravated assault with a deadly weapon involving a family member in Fort Bend County case number 15-DCR-070682A. *Beach v. Davis*, No. H-19-1318 (S.D. Tex. Apr. 19, 2019) (Memorandum and Order); *Beach v. Davis,* Case No. 4:19-cv-4436 (S.D. Tex. Dec. 2, 2019) (Memorandum and Order); *See* TDCJ Offender Search Website, available at https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=07989348, last visited February 2, 2021. He is not eligible for release to mandatory supervision and therefore, cannot demonstrate a constitutional violation in this instance.

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside of the correctional institution under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted). Prisoners earn good conduct time credits which are added to their actual days served in prison to calculate their release date to mandatory supervision. Tex. Gov't § 508.147. Good time credits do not actually reduce an inmate's sentence, applying only to eligibility for mandatory supervision. *Clay v. Lumpkin*, No. A-19-CV-1241-RP, 2020 WL 5865986, at *3 (W.D. Tex. Oct. 1, 2020) ("As a matter of state law, good and work time credits apply only to eligibility for parole or mandatory supervision and do not

---

answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).

otherwise have any effect on the length of sentence imposed on an inmate) (citations omitted).  While the Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program, prisoners who commit certain offenses are ineligible for participation in this program.  *Malchi*, 211 F.3d at 957-58; Tex. Gov't Code § 508.149(a).  Prisoners who used or exhibited a deadly weapon in connection with an offense of conviction are ineligible.  *See* Tex. Gov't Code § 508.149(a)(1) (excluding prisoners convicted of an offense where there is an affirmative finding that the prisoner used or exhibited a deadly weapon).  Therefore, as Beach is not eligible for release to mandatory supervision, he has failed to state any grounds for federal habeas relief.[2]

## II.    SANCTIONS WARNING

Petitioner is a three strikes litigant[3] who has persisted in filing habeas petitions averring he is eligible for release on mandatory supervision when he has been twice informed by the Court that he is not.  *Beach v. Davis*, No. H-19-1318 (S.D. Tex. Apr. 19, 2019) (Memorandum and Order); *Beach v. Davis,* Case No. 4:19-cv-4436 (S.D. Tex. Dec.

---

[2] To the extent Beach challenges a loss of recreation and commissary privileges, mere changes in the condition of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison*, 104 F.3d at 768.  As such, phone privileges, recreation limitations, and adjustments to a prisoner's classification are not protected by the Due Process Clause. *Malchi*, 211 F.3d at 958-59.

[3] Plaintiff has accumulated at least three strikes for filing frivolous lawsuits as an inmate.  *See* 28 U.S.C. 1915(g) (prisoner with three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim is prohibited from bringing any more actions or appeals *in forma pauperis*); *Beach v. Texas*, No. 4:19-cv-2797 (S.D. Tex. Aug. 6, 2019) (Order of Dismissal) (Listing three of Plaintiff's previous strikes).

2, 2019) (Memorandum and Order); (D.E. 1, Page 5 and 10).  Federal courts have inherent authority "to protect the efficient and orderly administration of justice and…to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (citation omitted).  Included in this power is the authority to levy sanctions in response to abusive litigation practices, especially where a *pro se* litigant has a history of submitting multiple frivolous claims.  *Id.*; Fed. R. Civ. P. 11; *Mayberry v. Stephens*, No. 13-10978, 2014 WL 3724965, at *1 (5th Cir. July 29, 2014) (warning prisoner of sanctions for further frivolous motions).  Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions.  *United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. May 4, 2011); *Silver v. City of San Antonio*, No. SA-19-MC-1490-JKP, 2020 WL 3803922, at *4-5 (W.D. Tex. July 7, 2020); *Sabedra v. Soc. Sec. Admin.*, No. 3:08-cv-1931-K, 2008 WL 5203709, at *1 (N.D. Tex. Dec. 11, 2008).

**Beach is hereby warned that further frivolous filings may result in the imposition of sanctions.**

### III. CERTIFICATE OF APPEALABILITY

An appeal may only be taken to the Court of Appeals from a final order in a habeas corpus proceeding if "a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Beach has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the

4

petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In Beach's case, reasonable jurists could not debate the dismissal or denial of the §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a COA.

## IV.  RECOMMENDATION

As previously stated, Beach has no constitutionally protected liberty interest to be released before the completion of his entire sentence.  Therefore, the undersigned recommends this case be **DISMISSED** and a Certificate of Appealability be **DENIED**.

Respectfully submitted on February 3, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).